UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

GUSTAV SEESTEDT,

Defendant.

Criminal No. 24-cr-235 (ABJ)

## STATEMENT OF OFFENSE IN SUPPORT OF DEFENDANT GUSTAV SEESTEDT'S PLEA OF GUILTY

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits the following Statement of Offense in Support of Defendant Gustav Seestedt's Plea of Guilty to Count One of the Superseding Indictment charging him with Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) and count Five of the Superseding Indictment charging him with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

### I.  The Penalties

A violation of 18 U.S.C. § 2251(a) carries a mandatory minimum sentence of fifteen (15) years of imprisonment and a maximum sentence of 30 years' imprisonment; a fine of not more than $250,000, pursuant to 18 U.S.C. § 3571(b)(3), or both; a term of supervised release of not less than five years and up to life, pursuant to 18 U.S.C. § 3583(k); mandatory restitution under 18 U.S.C. § 3663A and 18 U.S.C. § 2259; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

A violation of 18 U.S.C. § 2252(a)(4) carries a maximum sentence of 20 years' imprisonment; a fine of not more than $250,000, pursuant to 18 U.S.C. § 3571(b)(3), or both; a term of supervised release of not less than five years and up to life, pursuant to 18 U.S.C. §

3583(k); mandatory restitution under 18 U.S.C. § 3663A and 18 U.S.C. § 2259; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

### The Elements of the Offenses

To prove that the defendant is guilty of Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a), the government must prove beyond a reasonable doubt that:

1. The defendant employed, used, persuaded, induced, enticed or coerced a minor
2. To engage in sexually explicit conduct;
3. For the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct; and
4. The visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported across state lines or in foreign commerce, including by computer, or the visual depiction was actually transported or transmitted across state lines or in foreign commerce using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

To prove that the defendant is guilty of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), the government must prove beyond a reasonable doubt that:

1. The defendant knowingly possessed one or more matters containing a visual depiction;
2. The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;
3. The visual depiction was of a minor engaging in sexually explicit conduct;
4. The defendant knew the visual depiction involved a minor engaging in sexually explicit conduct;
5. The visual depictions had been transported using any means or facility of interstate commerce or in and affecting interstate commerce; and
6. Any visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age.

### II.   Factual Proffer

The following proffer of the government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal

Procedure. This proffer is not intended to be a disclosure of all the evidence available to the United States nor, to the extent it makes representations concerning anything the defendant said, is it a recitation of all that the defendant said or did.

The Defendant, GUSTAV SEESTEDT, was the owner and user of the Dropbox account with the user number 641780728 and associated email address of gdseestedt@gmail.com. Prior to December 9, 2023, the defendant uploaded four files containing child pornography to his Dropbox account. Among the material that the defendant uploaded to Dropbox were the following files:

   a.   A file entitled "48ec0e21498c4ab1c635191aea84a35f" which is twenty (20) minutes and fifty-nine (59) seconds in length and depicts the sexual abuse of a prepubescent girl by an adult male. The video begins with the girl dressed and laying on a bed. Then, an adult male undress the child, places his mouth on the child's body, penetrates the child's exposed vagina with his mouth and tongue, and then penetrates the child's vagina with his erect penis.

   b. A file entitled "r52ZRi7rIk9z5e-eGozrLVwkLwmg0FH3sRwwvKmSYc8" which is thirty-six (36) seconds in length, depicts a prepubescent girl sitting on the lap of an adult male. The adult male is wearing gym shorts which are pulled down to expose his erect penis which is being held in hand of the child. The child continues to hold the adult male's erect penis until the adult male ejaculates onto the child's hand and on his own groin.

The defendant was the owner and user of the Kik account with username "Jaydee9955." Between January 1, 2024, to March 1, 2024, the defendant used his Kik account to upload twenty-two (22) files of child pornography. Among the material that the defendant uploaded to Kik were the following files:

- A file entitled "**060e65c8fe6db6c47216f73c5315c3ba**" which is one (1) minute and fifty-eight (58) seconds in length and depicts an adult male penetrating the mouth of a prepubescent girl with his erect penis. The video further shows the adult male standing over the child and ejaculating onto her face while she is seated on a toilet. The file was distributed to another Kik user via private chat message on January 7, 2024.

- A file entitled "**611edfe7c6146cfe612ae778d1cd8682**" which is forty-four (44) seconds in length and depicts a completely nude prepubescent female laying on a piece of furniture with her vagina exposed to the camera. An adult male eventually places his hand on the child's vagina and penetrates her vagina with his fingers. The file was distributed to another Kik user via private chat message on February 16, 2024.

- A file entitled "**cd5f193efb90725e5a30be8ef28888f8**" which is fifty-four (54) seconds in length and depicts a compilation video of several prepubescent females being orally penetrated by the erect penises of adult men. The children are in various states of dress and undress and one adult man ejaculates on top of a child's head. The file was distributed to another Kik user via private chat message on February 23, 2024.

Between May 7, 2024, and May 8, 2024, the defendant used Telegram handle "SUG5553" to communicate with an undercover officer ("UC"), who was a member of the Metropolitan Police Department and Federal Bureau of Investigation's Child Exploitation and Human Trafficking Task Force. During the chat conversation, the defendant sent the UC several files and videos containing child pornography. Among the files that the defendant sent to the UC was the following:

- a file with the title *"IMG.8500.mp4"* which is a video file, one minute and two seconds in length, depicting a pre-pubescent girl in a pink shirt with a cartoon character lying on her back naked from the waist down. An adult man is holding the child's legs back toward her head and repeatedly telling her "keep your legs up" as he penetrates her anus with his erect penis. During the video, the child is crying and trying to push the man away. Despite her resistance, the man continues to forcibly anally rape the child.

During the same Telegram chat, the defendant stated that he had had sex with a 13 year old when he was 18 years old. The defendant told the UC, "so my other ex bro was 13 and I was 18 when we first fucked." The UC told the defendant that he had access to a six-year-old girl[1] and then claimed that he had previously sexually abused the purported child. The defendant commented on the sexual abuse of the purported child with the following statements:

- "Mmm I want your daughter sucking my cock;"
- "I wanna see if she puts her ass on display in thongs;"
- "Wish she had some slutty panties;" and
- "Have her snort blow off my dick."

The defendant then asked the UC to take photographs of the purported child's "panty drawer" and "her backside." In addition, the UC and the defendant discussed the defendant's then 15-month-old daughter. Although the defendant denied that he would touch his daughter, he stated that he would buy her "booty lace pantues [sic]" and "have my buds like you to see a little ass hang out." The UC then asked, "oh shit, would you????" and the defendant responded, "oh hell

---

[1] The UC was not referring to a real child.

yeaa." The defendant then asked the UC if he would allow the defendant to feel the UC's erection if he showed the UC his toddler daughter's buttocks.

On May 16, 2024, law enforcement agents executed a residential search warrant of the defendant's Washington D.C. home and recovered fourteen digital devices. Three of the devices, which belong to the defendant, contained child pornography:

- Evidence Item 1B5 (Blue samsung portable SSD), contained 51 video files of child pornography images, (along with the defendant's resume and a letter regarding his income taxes).

- Evidence Item 1B6 (Silver and Black Samsung Portable SSD), contained 1,619 video files which contained child pornography, as well as 987 files containing age-questionable sexually explicit images. Among the child sexual abuse material on the device were 30 files depicting children engaged in bestiality or bondage, or infants or toddlers engaged in sexually explicit conduct.

- Evidence Item 1B12 (Desktop computer) contained 35 files depicting child pornography images, as well as 55 files depicting age-questionable sexually explicit images

Among the child sexual abuse material stored on Evidence Item 1B6 were videos from 2006 depicting Minor Victim 1 ("MV-1") engaged in sex acts with the defendant when she was 16 or 17 years old, and he was 21 or 22 years old. Several of these videos depicted MV-1's face and naked body, and they often also depicted the defendant's face and body. In one of the videos, the defendant can be heard referring to MV-1's "16-year-old ass."

The defendant met Minor Victim 1 ("MV-1") in the summer of 2005 when MV-1 was 14 years old and a rising eighth grader, when the defendant was 19 years old. The defendant was

introduced to MV-1 through MV-2, who was 15 years old at the time. MV-1 and MV-2 were students at the same school.

In the summer of 2005, MV-1 and MV-2 went to a CD store where the defendant used to work in the Adams Morgan neighborhood of Washington, D.C. While outside the store, the defendant groped both MV-1 and MV-2 by grabbing their buttocks on top of their clothes. Several days after being groped by the defendant outside of the CD store, MV-1 and MV-2 went to the defendant's home in Washington, D.C. While inside his home, the defendant penetrated the mouths and vaginas of both MV-1 and MV-2 with his penis. At the time, MV-1 was 14 years old; MV-2 was 15 years old, and the defendant was 19 years old.

On another occasion that summer– at the defendant's home in Washington, D.C., the defendant penetrated MV-1's anus with his penis and subsequently penetrated MV-1's vagina with his penis. At the time of this incident, MV-1 was 14 years old, and the defendant was 19 years old.

In 2006, the defendant and MV-1 engaged in multiple sexual acts including vaginal and oral sexual intercourse. During this time, MV-1 was 15 years old, and the defendant was 20 years old. On several occasions beginning when MV-1 was 14 years old, the defendant asked MV-1 to text him sexually explicit photos of herself, usually featuring her bending over to expose her buttocks or her bare breasts, and, in response, MV-1 texted the defendant the images that he requested.

Between June of 2005 to June of 2009, the defendant also video recorded MV-1 engaging in sexually explicit conduct on multiple occasions. During this time, MV-1 was between 14 years old and 17 years old. The videos included sexually explicit images of MV-1 when she was 14 and 15 years old. Some of these videos were ones that were stored (and later recovered by law

enforcement from Evidence Item 1B6, and they depicted the defendnat penetrating MV-1's mouth and vagina with his penis, when she was 14 or 15 years old.

Respectfully submitted,

Karen Shinskie
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I have read every word of this Statement of the Offense and reviewed it with my attorney. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crimes charged.

Further, I have discussed with my attorney Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I knowingly and voluntarily waive the rights that arise under these rules in the event that I withdraw my guilty plea, withdraw from my Plea Agreement **after signing it**, or breach my Plea Agreement. I understand that, in such instances, the Government will be free to use against me, directly and indirectly, in any criminal or civil proceeding, any statements I have provided pursuant to the Plea Agreement, **after it is signed**, or after entry of the Plea Agreement, including any statements I made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 8-19-25

_____
Gustav Seestedt
Defendant

## ATTORNEY'S ACKNOWLEDGEMENT

I have read this Statement of Offense and reviewed it fully with my client. I concur in my client's desire to agree to this Statement of the Offense as true and accurate.

Further I have discussed with our client Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I have discussed with my client that, **by signing the Plea Agreement**, my client waives the rights that arise under these rules in the event my client withdraws his guilty plea, withdraws from the Plea Agreement **after signing it**, or breaches the Plea Agreement.

Date: 8/19/25

_____
Michael Lawlor, Esq.
Attorney for Defendant

